UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB KLEMP,

        Petitioner,

                                     CASE NO. 04-CV-71862-DT
v.                                     HONORABLE ARTHUR J. TARNOW

PAUL RENICO,

        Respondent.
_____/

## ORDER DENYING MOTION TO CHANGE
## RESPONDENT AND JURISDICTION

Michigan prisoner Jacob Klemp ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner is serving a term of life imprisonment without the possibility of parole for a first-degree murder conviction imposed by the Kent County Circuit Court in 1999.  Petitioner is currently confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan.  At the time he filed his petition, he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan where Respondent Paul Renico is the warden.

This matter is before the Court on Petitioner's "Motion to Change Respondent and Jurisdiction."  Petitioner seeks to have the named respondent in this action changed to Mary Berghuis, the warden at the Brooks Correctional Facility, and to have this case transferred to the United States District Court for the Western District of Michigan because he is now confined in a prison located in the Western District.

A habeas petition submitted by a person in state custody may be filed in the district where the person is in custody or in the district where the person was convicted and sentenced.  28 U.S.C. § 2241(d).  Jurisdiction is determined at the time the petition is filed.  *See Bishop v. Med. Superintendent of the Ionia State Hosp.*, 377 F.2d 467, 468 (6th Cir. 1967); *see also Carafas v LaVallee*, 391 U.S. 234, 237 (1968) (holding that, because jurisdiction over a habeas action attaches when the petition is filed, the petitioner's incarceration when he filed his petition in the district court established federal jurisdiction over his habeas case despite his subsequent unconditional release from custody); *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993) (court had jurisdiction over petitioner who was on parole, a form of custody, when he filed his habeas petition).  Because Petitioner was confined at the St. Louis Correctional Facility in St. Louis, Michigan at the time he filed his habeas petition, this Court has jurisdiction to hear his claims.  The Court need not change the named respondent nor transfer this case.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Change Respondent and Jurisdiction" is **DENIED**.

                                            s/Arthur J. Tarnow
                                            ARTHUR J. TARNOW
DATED: April 19, 2005              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2005, by electronic and/or ordinary mail.

                        s/Catherine A. Pickles
                        For Theresa Taylor, Case Manager