# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JACOB KLEMP,

       Petitioner,

                                  Case No.  04-71862

v.

                                  Honorable Arthur J. Tarnow

PAUL RENICO,                      United States District Judge

       Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY [42]

     Before the Court is Petitioner's Motion for Certificate of Appealability, filed on May 25, 2005.  The Court denied Petitioner's request for *habeas corpus* relief on April 19, 2005.  He has filed notice of appeal.

     An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues.  *See* 28 U.S.C. § 2253 (c)(1)(A).  In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right."  § 2253 (c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1035 (2003).

*Klemp v. Renico*
04-71862

Although the Court's ego tells it that all reasonable jurists would agree with its resolution of the issues raised by Petitioner, the Court's experience is to the contrary. Thus, the Court's belief in the correctness of its decision should not insulate that decision from further review. *See, e.g., Taylor v. Howes,* 26 Fed. Appx. 397, 399 (6th Cir. 2001). Because the Court is not infallible and does not believe that its decision should be insulated from further review, the Court finds that reasonable jurists could find it debatable whether Petitioner has made a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

Accordingly, the Court **GRANTS** Petitioner a Certificate of Appealability pursuant to 28 U.S.C. § 2253 and certifies the following issues for appeal:

Whether –

1. Petitioner was denied due process when the trial court failed to properly instruct the jury.

   • Petitioner argues that the trial court erred by refusing to give an intoxication instruction after numerous witnesses testified to Petitioner's heavy and apparent intoxication at the time of the alleged offense.

   • Petitioner further argues that the trial court erred in refusing to instruct on the requirement that Petitioner believe or know the victim was alive at the time of confinement and asportation.

2. There was insufficient evidence to support the kidnaping and felony murder convictions, since the undisputed testimony established that the participants believed the victim was dead at the time of confinement and asportation.

*Klemp v. Renico*
04-71862

3. Petitioner was denied due process and a fair trial due to the following acts of prosecutorial misconduct –

- The prosecutor improperly introduced evidence of incarceration.

- The prosecutor improperly vouched for the credibility of a witness.

4. Trial counsel's failure to object to the prosecutorial misconduct denied Petitioner the effective assistance of counsel.

5. Petitioner was denied his right of confrontation when defense counsel was not permitted to cross-examine Joshua Piper with a statement about cocaine use reflecting his ability to recall the charged offense.

6. Petitioner was denied the effective assistance of appellate counsel.

**IT IS SO ORDERED.**


                **s/Arthur J. Tarnow**
                **Arthur J. Tarnow**
                **United States District Judge**

**Dated:  June 3, 2005**

*Klemp v. Renico*
04-71862

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 3, 2005, by electronic and/or ordinary mail.**

    **s/Theresa E. Taylor**
    **Case Manager**